### Emma J. Rickly, Executrix, Appellee, v. Parlin & Orendorff Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Canton; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed July 14, 1917.

### Statement of the Case.

Bill for discovery by Emma J. Rickly, executrix of the last will of George C. Rickly, deceased, complainant, against Parlin & Orendorff Company, defendant. From a judgment overruling a demurrer and ordering an answer to be filed, defendant appeals.

HARVEY H. ATHERTON, for appellant.

O'HERN & O'HERN, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 304*—*what order is appealable.* When discovery is the only relief sought in a bill, a decretal order over-ruling a demurrer and ordering an answer is final and appealable.

2. DISCOVERY, § 7*—*when bill is sufficient.* When a bill is filed purely for discovery in aid of a suit at law, it is sufficient if it is averred therein that the evidence sought will aid the complainant in the suit at law.

3. DISCOVERY, § 3*—*what is effect of statute relative to produc-tion of books and documents.* Rev. St. ch. 51, sec. 9 (J. & A. ¶ 5526), providing for the production of books and writings contain-ing evidence pertinent to the issue in any action at law, has not abrogated the jurisdiction of equity to grant relief by way of bills of discovery, but simply gives to a party to a suit at law addi-tional means of procuring evidence tending to prove the issue pre-sented by him and in the possession of the third party.

4. DISCOVERY, § 7*—*when bill against corporation for, is suffi-cient.* A bill for discovery against a corporation which had entered into a contract for the payment of certain royalties on an inven-tion of complainant's decedent and had not fully accounted there-for, averring that defendant is a large manufacturing corporation with a voluminous and complex system of bookkeeping and that complainant has no means of knowing whether the information sought, the number and kind of the patented articles sold, is kept in defendant's regular system of bookkeeping or not, and that de-fendant is the only one that has any knowledge of the accounts in question, which were all on one side, and about which defendant could alone furnish accurate information, *held* sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.